UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM L. KELLEY, | ) | CASE NO. 1:12 CV 2725 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ERNIE MOORE, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

      This prisoner 42 U.S.C. § 1983 action was filed  on October 31, 2012 by Plaintiff William L. Kelly, an inmate at the Mansfield Correctional Institution ("MANCI").  An Amended Complaint was filed on November 28, 2012, and names the following defendants: Ernie Moore and Gary C. Mohr, respectively former and current Directors of the Ohio Department of Rehabilitation and Correction; Keith Smith and Terry Tibbals, respectively former and current MANCI Wardens; Deputy Warden of Operations, Lorain Correctional Institution ("LORCI"); Deputy Warden of Operations, MANCI; Mrs. Cain, MANCI Health Care Administrator; and John Doe I, MANCI Medical Personnel.

**Background**

      Plaintiff alleges he was injured at LORCI in January 2009 when he slipped in his cell, severely injuring his lower back.  Plaintiff had notified the Deputy Warden of Operations at least a month earlier that there was water in the cell because of a defective toilet.  The cell was

"condemned" as hazardous, on the same day Plaintiff was transferred to MANCI, in March 2009. From August 2009 to August 2010, he was "compelled to remain in a heavily trafficked cell, in a top bunk" at MANCI, which he believes aggravated his already existing injuries.

On or about October 25, 2010, Plaintiff experienced excruciating pain in his back while sitting in the MANCI library.  He was seen by MANCI medical staff on a non-emergency basis on October 28, 2010, and transported the same day to the OSU Medical Center, where immediate surgery was recommended.  Plaintiff declined surgery for his back, and for a hernia that was discovered below his abdomen, because "it would be futile ... to engage in this 'not fully guaranteed' surgery procedure to eventually return to the 'reckless conditions of confinement' that resulted in the injuries as described ... ."  Am. Complaint, p.6.  Plaintiff continues to be treated for his back injury, and has gained some feeling in his left leg and toes.  *Id.*, pp.6-7.

There were multiple occasions from August 2011 through March 2012 when Plaintiff had to sleep on a mattress missing two or three springs.  He believes this caused the hernia below his abdomen to become enlarged.

Finally, Plaintiff also sets forth general allegations concerning the receipt and posting of money orders from his family to provide him assistance, complaining that inmates are required either to wait for weeks for processing monies by mail, or to use a kiosk connection administered by an outside contractor, who charges a six dollar fee "for each transaction of monies sent to inmates."  Am. Complaint, p.10.  He asserts this system violates the Ohio Department of Rehabilitation and Correction's own administrative regulations.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or

fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.  *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

## Analysis

Even construing the Amended Complaint liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid  claim.  *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth

---

[1]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

Amendment.  A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.  *Id.*  Seriousness is measured in response to "contemporary standards of decency."  *Hudson v. McMilian*, 503 U.S. 1,8 (1992).  Routine discomforts of prison life do not suffice.  *Id.*  Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9.  Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence.  *Id*.  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As a threshold matter, even construing the Amended Complaint liberally, plaintiff has not set forth allegations that might indicate Defendants acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment.  An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm.  *Id.* at 837.  Mere negligence will not suffice.  *Id.* at 835-36.[2]

Further, even had Plaintiff set forth facts indicating something more than negligence, respondeat superior is not a proper basis for liability under § 1983. *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir.2003); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.), *cert. denied,* 469 U.S.

---

[2]     It should be noted that Plaintiff's slip and fail injury occurred well over two years ago, and that claim is thus barred by the statute of limitations.  *Browning v. Pendleton,* 869 F. 2d 989, 992 (6th Cir. 1989) (Ohio's two year statute of limitations for bodily injury applies to section 1983 claims).  It would therefore be subject to summary dismissal in any event.  *See, Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at **1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* section 1983 action filed after two year statute of limitations for bringing such an action had expired); *see also, Ashiegbu v. Kim*, No. 97-3303, 1998 WL 211796 (6th Cir. Apr. 24, 1998), *cert. denied*, 525 U.S. 857 (U.S. Oct. 5, 1998)(section 1915(e) *sua sponte* dismissal is appropriate where claim is barred by statute of limitations).

845, 105 S.Ct. 156, 83 L.Ed.2d 93 (1984).  Liability of supervisors cannot be based solely on the right to control employees, or "simple awareness of employees' misconduct," *Leary,* 349 F.3d at 903; *Bellamy,* 729 F.2d at 421.  "A supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.' " *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.*  There are no allegations that Defendants acted in a manner that meets the foregoing standard for supervisor liability under section 1983.

Finally, the allegations concerning the system for processing money orders, provided by Plaintiff's family for his assistance, simply do not set forth an arguable federal claim for relief.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The dismissal is without prejudice to any valid state law claim Plaintiff may have under the facts alleged.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  */s/Dan Aaron Polster 1/28/13*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE